ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **JOSÉ D. SANTIAGO TORRES**<br>DEMANDANTE(S)-APELANTE(S)<br><br>V.<br><br>**MARÍA C. LOZA DE CORO,**<br>**ESTADO LIBRE ASOCIADO**<br>**DE PUERTO RICO**<br>DEMANDADA(S)-APELADA(S) | **KLAN202300845** | *Apelación*<br>procedente del Tribunal<br>de Primera Instancia,<br>Sala Superior de **PONCE**<br><br>Caso Núm.<br>**PO2023CV01786 (604)**<br><br>Sobre:<br>Violación de Derechos<br>Civiles |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 11 de septiembre de 2024.

Comparece ante este Tribunal de Apelaciones, el señor **JOSÉ D. SANTIAGO TORRES** (señor **SANTIAGO TORRES**) mediante *Apelación* interpuesta el 21 de septiembre de 2023. En su recurso, nos solicita que revisemos la *Sentencia* dictada el 29 de agosto de 2023 por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce.[1] En la mencionada *Sentencia*, se decretó la desestimación de la reclamación sobre daños "por no haber presentado una reclamación que permita concluir que tiene derecho a un remedio".

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

---

[1] Esta determinación judicial fue notificada y archivada en autos el 29 de agosto de 2023. Apéndice de la *Apelación*, págs. 1- 7.

## - I -

El 15 de junio de 2023, el señor **SANTIAGO TORRES** incoó *Demanda* sobre daños y perjuicios contra la señora **MARÍA C. LOZA DE CORO** (señora **LOZA DE CORO**). Adujo ser el padre biológico del señor JOSÉ DIOSCORIDE SANTIAGO RIVERA (señor SANTIAGO RIVERA). Alegó, entre otras cosas, que la señora **LOZA DE CORO** elaboró un plan para ingresar involuntariamente al señor SANTIAGO RIVERA en un asilo, a sabiendas de que había padecido un *stroke* cerebral que lo mantuvo al borde de la muerte; y por ello, sufrió daños y solicitó una indemnización.[2]

Posteriormente, el 5 de julio de 2023, la señora **LOZA DE CORO** presentó una *Moción de Desestimación* arguyendo, entre otras cosas, que ante la situación de salud mental del señor SANTIAGO RIVERA, obtuvo una determinación bajo la *Ley de Salud Mental de Puerto Rico* para su ingreso involuntario y una evaluación médica en una institución.[3]

Poco después, el 13 de julio de 2023, se dictaminó *Orden* en la cual se concedió un término de veinte (20) días para reaccionar y exponer los fundamentos por los cuales no se debía conceder la desestimación.[4] Luego de unos incidentes relacionados a la notificación de escritos, el 10 de agosto de 2023, se le concedió un plazo final de diez (10) días para exponer su posición sobre la *Moción de Desestimación* al señor **SANTIAGO TORRES**.[5] Ese mismo día, el señor **SANTIAGO TORRES** presentó *Moción Contestación Moción de Desestimación.*[6] Expuso que la Ley Núm. 408 es inconstitucional porque permite privarle la libertad a personas enfermas como el señor SANTIAGO RIVERA, su hijo, quien fue paciente de *stroke* cerebral.

---

[2] Apéndice de la *Apelación*, págs. 17- 19.
[3] Ley Número 408 de 2 de octubre de 2000, según enmendada. 24 LPRA § 6152. Entrada número 4 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] Entrada número 7 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Entrada número 16 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[6] Véase entrada número 18 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Consecuentemente, el 29 de agosto de 2023, se emitió la *Sentencia* apelada. Más tarde, el 5 de septiembre de 2023, el señor SANTIAGO TORRES presentó *Moción Solicitando Reconsideración Sentencia*.[7] Ante ello, el 7 de septiembre de 2023, se dictó *Orden* declarando *No Ha Lugar* la solicitud de reconsideración.[8]

Insatisfecho con este proceder judicial, el 21 de septiembre de 2023, el señor SANTIAGO TORRES acudió ante este tribunal intermedio punteando los siguientes errores:

> El aplicar la Demanda a los sufrimientos del hijo y no al Demandante.
>
> Faltar al Debido proceso de ley, que lo obligaba determinar lo que se le planteo.

El 25 de septiembre de 2023, pronunciamos *Resolución* concediendo término perentorio de treinta (30) días para presentar su alegato en oposición a la señora LOZA DE CORO. Tiempo después, el 16 de octubre de 2023, la señora LOZA DE CORO presentó *Solicitud de Desestimación de Apelación*. En esencia, expresó que el recurso de apelación presentado por el señor SANTIAGO TORRES no le fue notificado. Así las cosas, el 19 de octubre de 2023, intimamos *Resolución* concediéndole un plazo perentorio de diez (10) días para que exponer su posición a la solicitud de desestimación por la alegada falta de notificación al señor SANTIAGO TORRES. El 26 de octubre de 2023, el señor SANTIAGO TORRES presentó *Moción Contestación a Solicitud de Desestimación de Apelación y Notificacion Apelada No Recibe Correspondencia Nunca y Toda Devuelta* en la cual aseguró haberle notificado el recurso a la señora LOZA DE CORO a la dirección física: 1577 Ave. Muñoz Rivera Ponce, PR 00717-2207. Además, destacó que la licenciada Ana C. López Bonaparte, representación legal de la señora LOZA DE CORO, posee una

---

[7] Apéndice de la *Apelación*., págs. 9- 11.
[8] El aludido dictamen fue archivado y notificado en autos el 7 de septiembre de 2023. Apéndice de la *Apelación*, pág. 8.

dirección postal P.O. Box 331427 Ponce, PR 00733 que no atiende oportunamente.

El 14 de noviembre de 2023, la señora **LOZA DE CORO** presentó *Moción en Réplica y Reiterándonos en Desestimación*. Manifestó que no consta en la certificación que el señor **SANTIAGO TORRES** haya notificado el recurso oportunamente e insistió en que el caso debe ser desestimado.

El 15 de noviembre de 2023, prescribimos *Resolución* desestimando la *Apelación* al amparo de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, por carecer de jurisdicción al no habérsele notificado oportunamente a todas las partes del caso. En desacuerdo, el 27 de noviembre de 2023, el señor **SANTIAGO TORRES** presentó *Moción Reconsideración Sentencia de [n]oviembre 15, 2023* y *Moción de Reconsideración Adicional Sentencia [n]oviembre 15, 2023*. En lo pertinente, aseveró que notificó a una dirección que obtuvo del internet perteneciente a la licenciada López Bonaparte. El 31 de enero de 2024, se intimó *Resolución* mediante la cual se dejó sin efecto la *Sentencia* dictaminada el 15 de noviembre de 2023 ello fundamentado en que se pudo constatar que la licenciada López Bonaparte aceptó que recibió el recurso. A los pocos días, el 2 de febrero de 2024, expedimos *Resolución* en la cual se le concedió un término de treinta (30) días para presentar alegato de oposición a la señora **LOZA DE CORO**. Al día de hoy, la señora **LOZA DE CORO no** ha presentado contención alguna.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a las (s) controversia(s) planteada(s).

- II -

- A -

La Regla 10.2 de las de Procedimiento Civil de 2009 instituye que las defensas de hecho o de derecho contra una reclamación deben presentarse

antes de una alegación responsiva[9]. Una *moción de desestimación* bajo la precitada regla es aquella que presenta la parte demandada previo a contestar la demanda solicitando que se desestime la causa de acción presentada en su contra.[10]

Dicha Regla dispone como fundamentos para la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; o (6) dejar de acumular una parte indispensable.[11] La falta de jurisdicción constituye "una defensa irrenunciable, que puede ser planteada a petición de parte o el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso, en fases apelativas".[12]

El estándar adjudicativo al evaluar una *moción de desestimación* exige que los tribunales tomen como ciertos "todos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la parte demandante".[13] La obligación de tomar como ciertos únicamente los hechos bien alegados de la demanda supone excluir del análisis las conclusiones de derecho o las alegaciones redactadas de tal forma que su contenido resulte hipotético.[14]

Como parte de este estándar adjudicativo, los tribunales están llamados a interpretar las alegaciones de la demanda conjuntamente y de forma liberal a favor de la parte demandante, resolviendo toda duda a su favor y concediendo el beneficio de cuanta inferencia sea posible hacer de los

---

[9] 32 LPRA Ap. V, R 10.2.

[10] Véase: R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, LexisNexis, (2017), págs. 305– 306.

[11] 32 LPRA Ap. V, R. 10.2. *Cobra Acquisitions v. Mun. de Yabucoa, et al.,* 210 DR 384, 396 (2022).

[12] *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 539 (2019).

[13] *Blassino Alvarado v. Reyes Blassino*, 2024 TSPR 93, 214 DPR___.

[14] J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Pubs. JTS, 2011, T. II, págs. 529 (citado en *Asoc. Importadores de Cerveza v. E.L.A.,* 171 DPR 140, 149 (2007) (Rebollo López, opinión de conformidad)).

hechos bien alegados en la demanda.[15] Ante ello, los tribunales deberán evaluar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'".[16] En otras palabras, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Así, si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones con el descubrimiento de prueba.[17]

De esta forma, solo procederá una *moción de desestimación* cuando una demanda carece de todo mérito, o la parte demandante no demuestre tener derecho a remedio alguno bajo cualesquiera hechos y estado de derecho que pudiera probar en un juicio.[18] Esto es, no "procede la desestimación, si la demanda es susceptible de ser enmendada".[19]

- **B** -

Por otro lado, la Regla 39.2(a) de las de Procedimiento Civil de 2009 instaura que, si la parte demandante deja de cumplir con las Reglas o con cualquier orden del tribunal, este podrá, a iniciativa propia o a solicitud de la parte demandada, decretar la *desestimación* del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.[20] En lo pertinente, la precitada Regla 39.2(a) expresa:

> Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan solo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al

---

[15] *González Méndez v. Acción Social et al.,* 196 DPR 213, 234 (2016).

[16] *Cruz Pérez v. Roldan Rodríguez et al.,* 206 DPR 261 267 (2021).

[17] Véase: R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, LexisNexis, 2017, pág. 307.

[18] *Cruz Pérez v. Roldan Rodríguez et al., supra; Ortiz Matías et al. v. Mora Development,* 187 DPR 649 (2013).

[19] *Ortiz Matías et al. v. Mora Development, supra.*

[20] 32 LPRA Ap. V, R. 39.2(a).

abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

En el caso *Maldonado v. Srio. de Rec. Naturales*, el Tribunal Supremo hizo las siguientes expresiones:

No hay duda de que los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte; ese proceder, sin embargo, se debe ejercer juiciosa y apropiadamente.

Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan solo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. La experiencia señala que en la gran mayoría de los casos que presentan esta clase de dificultades -el presente caso es un ejemplo de ello- las partes no están enteradas de la actuación negligente de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato. Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas.[21]

En suma, la norma claramente establecida es, primero, amonestar al(a la) abogado(a) y darle una oportunidad para corregir; y segundo, sancionar al(a la) abogado(a) y notificarle directamente a la parte sobre la situación, concediéndole un término razonable para corregir la misma, así como apercibiéndole que de no corregir en treinta (30) días se podrá desestimar la reclamación. Ello, dado que se debe dar cumplimiento a la política judicial imperante, por un lado, de que los casos se ventilen en sus méritos y, por otro lado, de que estos se resuelvan de forma justa, rápida y económica.[22]

Indubitablemente, la *desestimación* es la sanción más drástica que puede imponer un tribunal ante la dilación en el trámite de un caso debido a que

---

[21] 113 DPR 494, 498 (1982).
[22] *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993).

tiene el efecto de una adjudicación en sus méritos a la cual le será de aplicación la doctrina de cosa juzgada.[23] Por ende, solo debe recurrirse a ella en casos extremos para desestimar o eliminar las alegaciones.[24]

- C -

La Ley Núm. 408 de 2000, según enmendada, en su exposición de motivos, expresa que velar por la salud mental del pueblo puertorriqueño "es y debe ser un asunto de entero interés para el Gobierno de Puerto Rico".[25] Esta legislación aplica, entre otros, a "toda persona que necesite, solicite, reciba o haya recibido servicios de salud mental".[26] En lo pertinente, este estatuto provee para la presentación de una petición de internación civil de una persona, si se observan los siguientes factores, a saber:[27]

> [...] los parámetros de peligrosidad en cuanto a probable daño a sí mismo, a otros o a la propiedad o ha llevado a cabo actos que ponen en peligro su vida, o ha ejecutado actos que indican que no puede manejar su vida cotidiana sin la supervisión o ayuda de otras personas, por no poder alimentarse, protegerse o cuidarse, aumentando así la probabilidad de muerte, daño corporal sustancial o debilitamiento físico tal que pondría en peligro su vida.[28]

En ese aspecto, antes de emitir la orden, el tribunal determinará si existe una recomendación del psiquiatra a cargo de la evaluación inicial de la persona a quien se pretende internar, que sustente la petición.[29] Una vez decretada la orden, la persona evaluada incurrirá en un desacato al tribunal, de no asistir al tratamiento.[30] Por ello, entre las alternativas provistas, la *Ley de Salud Mental de Puerto Rico* contempla un mecanismo expedito que aplica cuando "una persona de dieciocho años o más, requiere de tratamiento inmediato para protegerlo de daño físico a sí, a otros o a la propiedad".[31]

---

[23] *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 720 (2009).
[24] *HRS Erase v. CMT*, 205 DPR 689, 700 (2020).
[25] *Ley de Salud Mental de Puerto Rico.* 24 LPRA § 6152 *et. seq.*
[26] 24 LPRA sec. 6152a.
[27] *Ruiz v. Alcaide*, 155 DPR 492, esc. 53 (2001).
[28] 24 LPRA sec. 6152b.
[29] Art. 4.11 de la Ley Núm. 408-2000 (24 LPRA sec. 6155j).
[30] *Íd.*
[31] Art. 4.13 de la Ley Núm. 408-2000 (24 LPRA sec. 6155l).

Empero, como regla general, la capacidad mental de una persona natural se presume.[32] Tal capacidad puede verse restringida por varias condiciones, entre ellas, el padecimiento de una condición física o mental que le imposibilite cuidar de sí mismo y obrar por su cuenta.[33] Ello implica que, se tiene que demostrar que la persona no tiene la capacidad "para entender y desenvolverse en los asuntos cotidianos de la vida y para ejercer su voluntad discrecionalmente respecto a la forma en que maneja su propiedad".[34] Incluso, esto incluye que la persona no pueda manejar sus fondos respecto a sus necesidades personales y no pueda realizar aquellas transacciones ordinarias en las que se incurren en nuestra sociedad.[35] Por lo tanto, la determinación de capacidad es una cuestión de hecho que debe ser resuelta fundamentalmente por el foro de instancia, por lo que, el peso de la prueba lo tiene la parte que alega la incapacidad.[36]

## - III -

El señor SANTIAGO TORRES enfatizó que el tribunal de instancia se equivocó al establecer que, de existir agravios, le corresponde al señor SANTIAGO RIVERA, su hijo, reclamarlos. Empero, en su reclamación, el señor SANTIAGO TORRES manifestó:

> Que como padre, su crisis cerebral, me ha preocupado, que como padre, no puedo comprender como una esposa, quien conoce a un enfermo del cerebro, y lo trata con una ley involuntaria inconstitucional, y no como procede con médicos, medicinas y hospitales normales, y si con policías y ambulancias y vergüenzas ante el público, y lo saca de su residencia, a un Asilo, **me produce da[ñ]os y perjuicios, y sufrimientos agravados, de que una esposa que lo ha visto medicar miles de niños y los ha salvado, le aplique un castigo cruel e inusitado, en contra de su voluntad.**[37]

Con esta expresión, el señor SANTIAGO TORRES hace alusión a los daños mentales propios sufridos por los cuales solicita una indemnización.[38]

---

[32] Véase Art. 100 Cod. Civil 2020. 31 LPRA § 5601.
[33] Véase Art. 102 Cod. Civil 2020. 31 LPRA § 5612.
[34] *González Hernández v. González Hernández*, 181 DPR 746, 776 (2011).
[35] *Íd.*, págs. 775- 776.
[36] *Íd.*
[37] Apéndice de la *Apelación*, pág. 18. (énfasis nuestro).
[38] Estamos consciente de que el señor SANTIAGO TORRES está compareciendo por derecho propio, lo cual incide en sus escritos y solicitudes.

Nuestro ordenamiento jurídico, así como jurisprudencia es claro e implanta que la desestimación no procede cuando una demanda es susceptible de ser enmendada dado que es la sanción más drástica o severa que puede imponer un tribunal. A nuestro juicio, si en la cotidianidad de los tribunales se imponen medidas menos severas para evitar desestimar un pleito y a su vez propiciar los pronunciamientos judiciales, resulta razonable que al señor **SANTIAGO TORRES** se le brindara una oportunidad para enmendar sus alegaciones a los fines de dar fiel cumplimiento de la Regla 6.1 de las de Procedimiento Civil de 2009.[39] Dicho de otra manera, al señor **SANTIAGO TORRES** no se le concedió plazo para enmendar sus alegaciones. Por ende, si a los abogados – que día a día se dedican a litigar casos – se les apercibe y se le imponen sanciones antes de desestimar sus litigios, nos parece aceptable haber concedido la misma oportunidad al señor **SANTIAGO TORRES**. En definitiva, por no haber cumplido con las acciones progresivas como condición previa a la desestimación, entendemos que se incurrieron en los errores.

- IV -

Por los fundamentos antes expuestos, ***revocamos*** la *Sentencia* dictaminada el 29 de agosto de 2023 por el Tribunal de Primera Instancia, Sala Superior de Ponce; y, en consecuencia, devolvemos el caso al foro primario para que proceda de forma compatible con nuestros pronunciamientos.

Al amparo de la Regla 18 (B) de nuestro Reglamento, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.[40]

---

[39] La Regla 6.1 de Procedimiento Civil establece que:
Una alegación que exponga una solicitud de remedio contendrá: (1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y (2) una solicitud del remedio a que crea tener derecho. Podrán ser solicitados remedios alternativos o de diversa naturaleza. 32 LPRA Ap. V, R. 6.1.

[40] La Regla 18 sobre el *Efecto de la presentación del escrito de apelaciones en casos civiles* dispone: (A) Suspensión Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en el Tribunal de Primera Instancia respecto a la sentencia, o parte de la misma, de la cual se apela, o a las cuestiones comprendidas en ella, salvo orden en contrario

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones, pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión no comprendida en la apelación. (B) **Cuando no se suspenderá** No se suspenderán los procedimientos en el Tribunal de Primera Instancia cuando la sentencia dispusiere venta de bienes susceptibles de pérdida o deterioro. En ese caso el Tribunal de Primera Instancia podrá ordenar que dichos bienes sean vendidos y su importe depositado hasta tanto el tribunal de apelación dicte sentencia. No se suspenderán los efectos de una decisión apelada, salvo una orden en contrario expedida por el Tribunal de Apelaciones, por iniciativa propia o a solicitud de parte, cuando ésta incluya cualesquiera de los remedios siguientes: (1) una orden de *injunction*, de *mandamus* o de hacer o desistir; (2) una orden de pago de alimentos; (3) una orden sobre custodia o relaciones filiales.